UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXA ABIGAIL VASQUEZ AMAYA,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ et al.,<br>Respondents. | CASE NO. 2:26-cv-03131-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

Before the Court is Petitioner Alexa Abigail Vasquez Amaya's petition for writ of habeas corpus. (Dkt. No. 1.) Petitioner contends Respondents violated her due process rights by re-detaining her at her workplace without prior notice and an opportunity to be heard. (*Id.* at 18.)

On October 1, 2016, Petitioner, a native and citizen of El Salvador, entered the United States as an unaccompanied minor. (Dkt. Nos. 2 at 1; 6 at 2.) Petitioner fled El Salvador due to threats made against her and her family by a gang called Salvatrucha. (Dkt. No. 2 at 2.) On November 23, 2016, Petitioner was released from immigration custody on an Order of Release on Recognizance ("OREC"). (Dkt. No. 6 at 2.) After her release, Petitioner moved to Alaska to

be with her mother and brother. (Dkt. No. 2 at 2.) Petitioner applied for asylum and secured employment at a nail salon and as a cleaner to support herself and her family. (*Id.*) Petitioner identifies, "I have always kept my work permits up to date." (*Id.* at 3.) Petitioner has a partner whom she intends to marry. (*Id.*) Petitioner has no criminal record. (Dkt. No. 7-5 at 4.)

On May 25, 2022, an Immigration Judge ("IJ") dismissed Petitioner's removal proceedings. (Dkt. No. 7-1.) On June 19, 2023, U.S. Citizenship and Immigration Services denied Petitioner's asylum application. (Dkt. No. 7-2.) Removal proceedings were re-initiated that same day. (Dkt. No. 7-2 at 6–8.) Petitioner attended hearings before the Immigration Court on April 18, 2024, July 2, 2024, and December 12, 2024. (Dkt. No. 6 at 3.) Petitioner identifies her next Immigration Court hearing was scheduled for January 2027.[1] (Dkt. No. 2 at 2.)

In May 2025, Enforcement and Removal Operations ("ERO") indicates it discovered Petitioner used fraudulent documents to work in Alaska sometime in 2019. (Dkt. Nos. 6 at 3; 7-3.) Thereafter, ERO issued an administrative arrest warrant. (Dkt. No. 6 at 3.)

On August 18, 2026, ICE agents detained Petitioner as she was leaving work for the evening to start her second job, reasoning that Petitioner's use of fraudulent documents made her a flight risk. (Dkt. Nos. 1 at 6; 7-5 at 3.) ERO issued a new arrest warrant on the same day.[2] (Dkt. No. 7-4 at 2.)

On August 20, 2026, Petitioner was transferred to the Northwest ICE Detention Center, where she remains. (Dkt. No. 6 at 4.) It is undisputed that ICE did not provide Petitioner

[1] The record does not identify whether there were any additional immigration court hearings between December 2024 and January 2027. However, Respondents do not identify that Petitioner failed to attend any hearing scheduled by the Immigration Court. (*See* Dkt. No. 6.)

[2] It is unclear whether the second administrative arrest warrant was issued before or after ERO encountered Petitioner on August 18, 2026.

advance notice or a pre-deprivation hearing prior to detaining Petitioner. (*See generally* Dkt. Nos. 1, 5.)

Respondents acknowledge, as they must, that Petitioner's detention is governed by 8 U.S.C. § 1226(a). (*See* Dkt. No. 5 at 2) (citing *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026)). The facts in this case establish that Petitioner's August 18, 2026 detention without pre-deprivation notice or hearing before a neutral decisionmaker violated due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Having been previously released and allowed to remain at liberty, Petitioner maintained a private interest in freedom from imprisonment. Respondents do not dispute Petitioner maintained a "weighty liberty" interest. (Dkt. No. 5 at 6.) The first *Mathews* factor weighs in Petitioner's favor.[3]

Regarding the second *Mathews* factor, the facts indicate a high risk of erroneous detention. The immigration court necessarily determined Petitioner was neither a flight risk nor a danger to the community as it allowed Petitioner to be at liberty despite the pending removal proceedings. Respondents appear to argue exigent circumstances required Petitioner's detention because Petitioner allegedly used a fraudulent document to obtain employment back in 2019. Yet the record reflects Petitioner has always attended all immigration hearings and has maintained work authorization.[4] The record also establishes Respondents did not take any action to execute the first administrative warrant, indicating the absence of any exigent circumstances.

[3] Respondents contend Petitioner was no longer subject to an OREC or any conditions of release when she was detained. (Dkt. No. 5 at 2.) Petitioner contends there is no evidence her OREC was ever revoked or cancelled. (Dkt. No. 8 at 7.) For purposes of *Mathews*, it is immaterial whether the OREC remained in effect at the time Petitioner was re-detained. What matters is that Respondents allowed Petitioner to remain at liberty for the past two years.

[4] Petitioner filed for asylum on October 2, 2017. (Dkt. No. 1-2 at 8.) She would have been eligible for work authorization 180 days after that date, which means sometime in early 2018. *See* 8 C.F.R. § 208.7(a)(1)(v).

It also is not clear why the alleged use of a fraudulent document in 2019 would necessarily lead to the conclusion that in 2026, after having attended all immigration hearings and despite maintaining work authorization, Petitioner should now be considered a flight risk. Thus, the purported basis for taking Petitioner into custody without a pre-deprivation hearing indicates a high risk of erroneous deprivation of liberty. The second *Mathews* factor weighs in Petitioner's favor.

As for the third *Mathews* factor, the Court finds any additional administrative burden in providing pre-deprivation notice and a hearing before a neutral decision maker is outweighed by constitutionally required due process.

In accordance with numerous decisions issued by this Court in similar cases, the Court concludes Petitioner's detention violated due process. *See Brhane v. Scott*, Case No. 2:26-cv-02621-DGE, 2026 WL 2635033 at *1 (W.D. Wash. Sept. 8, 2026) (collecting cases).

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 1), and further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order. Petitioner shall be returned to the conditions of release identified in her November 2016 OREC.[5]
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.

[5] This is ordered based on Petitioner's assertion she remained subject to the OREC.

3. Within **<u>TWENTY-FOUR (24) HOURS</u>** of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody.

4. Petitioner seeks an award of fees. (Dkt. No. 1 at 19.) Petitioner is GRANTED leave to file a motion for attorney fees. The motion for fees shall identify the legal authority supporting an award of fees and shall be filed **<u>no later than December 28, 2026.</u>**[6] The Parties are strongly encouraged to meet and confer regarding fees before Petitioner files a motion for attorney fees.

The Clerk is directed to calendar this event, close the matter, and send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of September, 2026.

David G. Estudillo
United States District Judge

[6] In a previous matter, Respondents have requested, and the Court granted, a motion to stay the enforcement of any award of attorney fees pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223. *See Douangdala v. Bondi*, Case No. 2:26-cv-00963-DGE, 2026 WL 2516555 (W.D. Wash. Aug. 26, 2026).